15-2395
*Carter v. Syracuse City School District*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand sixteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

CORENE D. CARTER, AKA CORENE BROWN,

        *Plaintiff-Appellant*,

    -v.-                                   15-2395

SYRACUSE CITY SCHOOL DISTRICT, DANIEL LOWENGARD, JOHN DITTMAN, JILL STEWART, JOHN DOE(S), JANE DOE(S),

        *Defendants-Appellees*.

FOR APPELLANT:        A.J. BOSMAN, Bosman Law Firm, L.L.C., Canastota, NY.

FOR APPELLEE:        MILES G. LAWLOR, Ferrara Fiorenza PC, East Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for rehearing is **GRANTED**, the prior summary order of this Court of July 11, 2016, is modified, the judgment of the District Court is **VACATED**, and the case is **REMANDED**.

Defendants-Appellees seek rehearing of the decision of this Court rendered July 11, 2016, to the extent it vacated the District Court's dismissal, on the pleadings, of Plaintiff-Appellant Corene D. Carter's New York state law claims of retaliation and racial and gender discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL") against the Syracuse City School District (the "School District") and Daniel Lowengard, the School District's former Superintendent ("Superintendent Lowengard").

Before the District Court, Carter sought to amend her complaint to assert New York state law claims of retaliation and racial and gender discrimination

2

against the School District and Superintendent Lowengard pursuant to the NYSHRL. The District Court dismissed these claims on the basis that Carter had failed to comply with the notice-of-claim provisions in N.Y. Educ. Law § 3813, which the District Court held were conditions precedent to bringing any claim under the NYSHRL against a school district or its officers.

Following the dismissal of these claims, the New York State Court of Appeals decided *Margerum v. City of Buffalo*, where it stated "that a notice of claim need not be filed for a Human Rights Law claim against a municipality," and thus concluded that a notice of claim was not a condition precedent to a plaintiff's lawsuit alleging NYSHRL violations against a municipality. 24 N.Y.3d 721, 727, 730 (2015). Despite this language, no party briefed the matter on appeal or followed up on the discussion of *Margerum* at oral argument with a post-argument letter clarifying its position on the applicability of the case to the claims at issue here until Defendants petitioned for rehearing. Because we are already remanding other portions of the District Court's judgment, rather than evaluate the relevance of *Margerum* to Carter's NYSHRL claims ourselves, we think it is the preferred course to remand to the District Court to consider *Margerum*'s impact on these claims in the first instance.

Moreover, although "ordinarily rehearing will not be granted in the absence of . . . a request" for an answer, *see* Fed. R. App. P. 40(a)(3), we do not believe an answer is necessary in this case, as Carter will have an opportunity to present her views to the District Court on remand. Accordingly, the petition for rehearing is **GRANTED**, and we withdraw that part of our summary order of July 11, 2016, which vacated the District Court's dismissal of Carter's NYSHRL retaliation and racial and gender discrimination claims asserted against the School District and Superintendent Lowengard in the proposed amended complaint. We therefore **REMAND** the District Court's dismissal of those claims asserted in Counts 2 and 5 of the proposed amended complaint for reconsideration in light of *Margerum v. City of Buffalo*, 24 N.Y.3d 721 (2015), and **REMAND** the case to the District Court for further proceedings consistent with both this order and this Court's summary order of July 11, 2016.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4